IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LINDSEY L. ROBINSON,<br>Petitioner, | ) Civil Action No. 7:08-cv-00273<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| TERRY O'BRIEN,<br>Respondent. | ) By: Hon. Glen E. Conrad<br>) United States District Judge |

Petitioner Lindsey L. Robinson, a federal inmate proceeding pro se, brings this habeas petition pursuant to 28 U.S.C. § 2241. Robinson alleges that the Bureau of Prisons did not properly credit time he spent in North Carolina's custody, thereby extending the total length of his incarceration. The respondent filed a motion for summary judgment, and Robinson filed a timely response, making the matter ripe for the court's consideration. For the reasons that follow, the court will grant respondent's motion to dismiss.

I. Background

According to the respondent's motion and affidavit, North Carolina authorities arrested Robinson for violating state law while on state probation. Robinson, a previously convicted felon, possessed a firearm at the time of the arrest. State officials jailed Robinson between July 23 and 29, 2003, and again between October 7 and 9, 2003. Robinson was subsequently indicted on November 24, 2003, in the Middle District of North Carolina for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). State officials jailed Robinson once again between December 5 and 7, 2003. On December 8, 2003, North Carolina revoked Robinson's probation and sentenced him to fifteen to eighteen months of incarceration.

Robinson was then brought before federal court, pursuant to a writ of habeas corpus ad

prosequendum[1] issued on December 29, 2003, for his arraignment on January 7, 2004. Robinson entered his guilty plea on February 6, 2004. Robinson returned to federal court, pursuant to a writ of habeas corpus ad prosequendum issued on June 9, 2004, for his sentencing on August 23, 2004. He was sentenced to sixty-four months of imprisonment, to be served concurrently with his remaining state sentence. On April 7, 2005, Robinson completed his state sentence and was subsequently transferred to the United States Penitentiary in Lee County, Virginia to serve the remaining portion of his federal sentence.

The Bureau of Prisons (BOP) calculated applicable credit for the time he served in state custody against the length of his federal sentence. The BOP gave Robinson Willis credit[2] for his July, October, and December state incarcerations. Robinson alleges that the BOP should also give him credit against his federal sentence for the time he spent in state custody between December 8, 2003, the date the state court sentenced him for violating terms of his state probation, and August 23, 2004, the date the federal court sentenced him for being a felon in possession of a firearm.

II. Discussion

A federal sentence begins on the date when the United States Attorney General, through the BOP, has a defendant in custody to deliver to the official detention facility where the sentence will be served. 18 U.S.C. 3585(a); 28 C.F.R. § 0.96. Therefore, a federal sentence does not begin

---

[1] Writs of habeas corpus ad prosequendum are court orders demanding that an inmate be produced before a court, Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993), and are "immediately executed," United States v. Mauro, 436 U.S. 340, 360 (1978).

[2] Willis credit permits the BOP to credit time to an inmate's federal sentence for a related, previous incarceration although he already received the same credit for a state sentence. Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971). The inmate must be serving a concurrent federal sentence, and the inmate must not actually benefit from a credit to his state sentence. Id.

2

before a federal court files a sentencing order. However, the BOP may also designate <u>nunc pro tunc</u> a state detention facility to be the place where an inmate serves his federal sentence. 18 U.S.C. § 3621(b). In that case, a federal defendant may receive federal sentencing credit for time served in state prison after a <u>nunc pro tunc</u> designation. <u>United States v. Evans</u>, 159 F.3d 908, 911-912 (4th Cir. 1998).

Robinson's federal sentence began on August 23, 2004, when the federal court ordered that Robinson serve sixty-four months imprisonment concurrently with his state sentence. At the time of his federal sentencing, North Carolina had held Robinson in custody since December 8, 2004, when the state revoked his probation and imprisoned him. Because the federal court ordered that the sentence run concurrently with the state sentence, the BOP designated <u>nunc pro tunc</u> the North Carolina state prison as Robinson's official detention facility where he would serve his federal sentence. Therefore, the time Robinson spent in state prison after the BOP's <u>nunc pro tunc</u> designation counted toward both his state and federal sentences, but the time Robinson spent in state prison before the <u>nunc pro tunc</u> designation did not run "concurrently" with any existing federal sentence.

Robinson cannot receive credit for times he appeared to be in federal custody for his federal hearings while he was a state prisoner. A prisoner in state custody is produced in federal court for federal prosecution pursuant to a federal writ of habeas corpus <u>ad prosequendum</u>. Under such a writ, the state retains primary jurisdiction over the prisoner, and federal custody commences only when state authorities relinquish the prisoner on satisfaction of the state obligation or when the BOP makes a <u>nunc pro tunc</u> designation. <u>Id.</u> Robinson appeared in federal court several times between December 9, 2003, and August 23, 2004, pursuant to writs of habeas corpus <u>ad</u>

3

prosequendum while he was still in state custody and before his federal sentencing or any nunc pro tunc designation. Therefore, Robinson was not in federal custody during these appearances, and he is not entitled to any credit toward his federal sentence for any times he served under these writs.

The BOP properly credited Robinson's sentence for the thirteen days he was imprisoned between his initial arrest and subsequent state sentence because those incarcerations were related to the federal offense. Under 18 U.S.C. § 3585(b)(1), a federal inmate may receive credit for periods of incarceration served before a federal sentencing order if the incarceration was related to the federal offense and the incarceration was not already credited to another sentence. See Willis, 438 F.2d at 925 (holding credit can apply to state and federal sentences if served concurrently and state credit does not benefit inmate). Robinson received thirteen days of Willis credit for his incarcerations related to the federal offense that he served before his federal sentence as follows: "from the date of his initial arrest on July 23, 2003[,] through July 29, 2003, when he was released on bond; October 7, 2003[,] through October 9, 2003, when he was again released on bond; and from his arrest on December 5, 2003, through December 7, 2003, the day prior to imposition and commencement of the state probation violation term." (Def.'s Mot. Summ. J., Ex. 1, Aff. 2.) The BOP properly credited Robinson's sentence with thirteen days of Willis credit.

Robinson's incarceration between his December 2003 state sentence and his August 2004 federal sentence was not related to his federal offense, but was for violating the terms of his state probation. Robinson was ordered to serve his federal sentence concurrently with his state sentence as of August 23, 2004, but the federal court did not order any type of retroactive concurrent sentence, as Robinson suggests, that would award him credit for time served between his

4

December 2003 state sentence and his August 2004 federal sentence. The BOP accordingly did not credit Robinson for his state probation violation incarceration between December 8, 2003, and August 23, 2004. Therefore, the court finds that the BOP correctly calculated Robinson's sentence, and Robinson received the proper amount of sentencing credit. Since the sentence was properly calculated, Robinson failed to prove a violation of his due process. Accordingly, the court will grant respondent's motion for summary judgment.

### III. Conclusion

For the foregoing reasons, the court will grant the respondent's motion for summary judgment and dismiss the petitioner's action.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 20th day of October, 2008.

*/s/ Glen Conrad*
United States District Judge

5